UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Robert de la Garza, | § | CIVIL ACTION NO. 6:11-cv-00037 |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Kirby Brumby, Individually and | § | |
| in His Official Capacity as Sheriff | § | A JURY IS DEMANDED |
| of Goliad County, Texas | § | |
|     Defendant. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT KIRBY BRUMBY'S MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT

The core of Sheriff Brumby's argument is the assertion that "the issue of direct evidence of retaliatory motive in the employment decision is only applicable in analyzing the first prong of the *Mt. Healthy* analysis." (Dkt. 33 at 4-5, ¶ 6.) In his view, the fact that he told Mr. Mollicone that he declined to deputize Mr. De La Garza for an impermissible reason is irrelevant to the credibility of his later-made—during litigation—testimony that he also would not have hired Mr. De La Garza for legitimate reasons. (Dkt. 33 at 5, ¶ 7: "the *Mt. Healthy* affirmative defense permits a defendant to be dismissed as a matter of law even in the face of direct evidence that protected conduct was a substantial factor in the employment decision.")

Sheriff Brumby contends that *Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), models his argument (Dkt. 3 at 5, ¶ 7), but it clearly does not. The district court in that case did not realize, after it found that the plaintiff's free speech had substantially motivated the defendant's adverse action, that it "should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct." 429 U.S. at 287. The Supreme Court did not hold that the defendant school board proved its affirmative defense notwithstanding the plaintiff's evidence of a substantial motivating factor, nor did it hold that the plaintiff's evidence of a substantial motivating factor had no relevance to assessing the credibility of the school board's affirmative defense.

When the district court on remand applied the Court's holding, it ruled for the school district. But it did so with the benefit of a full evidentiary record developed in a bench trial. 429 U.S. at 276 ("[a]fter a bench trial ..."); *see also Doyle v. Mt. Healthy Sch. Dist. Bd. of Educ.*, 670 F.2d 59, 61 (6th Cir. 1982) (after remand, "[t]he District Judge then determined from the original record"). That is not yet the posture of this case. Thus, neither the Supreme Court's opinion in *Mt. Healthy*, nor the proceedings on remand, support Sheriff Brumby's argument.

Sheriff Brumby also cites *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595 (5th Cir. 2001) (Dkt. 33 at 5, ¶ 7), but that case is distinguishable because Beattie failed to prove that her free speech was a substantial motivating factor for the defendant's adverse action. *Id.* at 601 ("Beattie has not met her initial burden of demonstrating that her speech motivated her discharge"). Alternatively, the court assumed that Beattie proved causation and ruled that Madison County proved its *Mt. Healthy* defense. *Id.* at 604. But the court's assumption did not create in that case what is undeniably present here—direct evidence of a substantial motivating factor—so the court's alternative holding does not control. Sheriff's Brumby's third case, *James v. Houston*, 48 Fed. App'x 916 (5th Cir. 2002) (Dkt. 33 at 5, ¶ 7), exhibits the same distinguishing feature.

Sheriff Brumby's legal authorities do not justify altering the partial denial of summary judgment, and his factual arguments about the evidence (Dkt. 33 at 8-14, ¶¶ 11-21) have already been considered and rejected. Mr. De La Garza respectfully prays that the Court deny Sheriff Brumby's motion for reconsideration.

Date:  April 4, 2013                           Respectfully submitted,

                                          /s Robert E. McKnight, Jr.
                                          Robert E. McKnight, Jr.*
                                          Federal I.D. Number: 381007
                                          State Bar Number: 24051839
                                          Law Office of Robert E. McKnight, Jr.

>203 N. Liberty Street
>Victoria, TX   77901
>(361) 573-5500 (v)
>(361) 573-5040 (f)
>mcknightr@lawmgk.com
>
>Margaret A. Harris
>State Bar No. 09081400
>Butler & Harris
>1007 Heights Boulevard
>Houston, Texas   77008
>(713) 526-5677
>Fax (713) 526-5691
>margie@butlerharris.com
>
>Counsel for Robert De La Garza
>* Attorney in charge

## Certificate of Service

I hereby certify that on April 4, 2013, I electronically served the foregoing response on the following by filing it with the Court's CM/ECF system:

>Kevin D. Cullen
>Casey T. Cullen
>Cullen, Carsner, Seerden, & Cullen, LP
>P.O. Box 2938
>Victoria, TX   77902
>
>  s/ Robert E. McKnight, Jr.
>   Robert E. McKnight, Jr.

4